UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN J. FLYNN ET AL., | : | NO. 3:22-cv-01065 |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| VERIZON WIRELESS ET AL., | : | AUGUST 24, 2022 |
|     Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO SUBSTITUTE DEFENDANT**

Defendant United States Senator Richard Blumenthal submits this memorandum of law in support of his motion to substitute pursuant to 28 U.S.C. § 2679(d)(2).

I.    BACKGROUND

Defendant has been named in a lawsuit filed in the State of Connecticut Superior Court, Judicial District of Fairfield at Stamford, *John J. Flynn et al. v. Verizon Wireless et al.*, Docket No. FS1 FST-CV22-5026903-S (the "State Court Action"), which was removed today to this Court pursuant to 28 U.S.C. § 2679(d)(2).[1] The *pro se* plaintiff, John J. Flynn, ("Plaintiff") purports to bring class action claims against twelve defendants: Defendant; communications companies Verizon Wireless, AT&T Wireless, Charter Communications, Cox Communications, and T-Mobile; and Connecticut state officials Bob Duff, Themis Klarides, Melissa Paslick, Melanie Bachman, Saud Anwar, and Nick Simmons.

---

[1] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." A certification of scope of employment pursuant to 28 U.S.C. § 2679 is filed herewith. *See* ECF No. 1, Exh. B.

In his complaint, Plaintiff alleges that the many private companies and public officials named as defendants "knowingly radiated every person" in the State of Connecticut by "collu[ding] to install" the fifth-generation technology standard for broadband cellular networks known as "5G." *See* Complaint (ECF No. 1, Exh. A) at pp. 3-5.  Plaintiff alleges that 5G is a "biological weapon" that causes many adverse health effects; he alleges no such injury to himself.  *See id*. at p. 6.  Although the complaint does not clearly delineate any particular causes of action, the gravamen of Plaintiff's claims against Defendant and other public officials sounds in common law tort, including conspiracy and "breach of oath [of] office."  *See id*. at p. 8.  Plaintiff requests "damages *ad infinitum*" and equitable relief.  *Id*. at pp. 7-8.

On August 2, 2022, the United States Attorney's Office for the District of Connecticut certified that Defendant was acting within the scope of his federal employment at the time of the incidents alleged in Plaintiff's complaint.  *See* ECF No. 1, Exh. B (Certification of Scope of Employment pursuant to 28 U.S.C. § 2679 dated August 2, 2022).  Based on this determination, the undersigned removed the State Court Action to this Court pursuant to 28 U.S.C. § 2679(d)(2).  *See* ECF No. 1.

II.  LAW & ARGUMENT: SUBSTITUTION OF THE UNITED STATES AS DEFENDANT IS WARRANTED

Defendant has moved pursuant to 28 U.S.C. § 2679(d)(2) to substitute the United States as the proper defendant for purposes of Plaintiff's complaint.  As noted above, the complaint alleges common law torts arising out of Defendant's conduct in exercising his duties as a United States Senator.

28 U.S.C. § 2679(d)(2) provides, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a

> State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, *and the United States shall be substituted as the party defendant.*

28 U.S.C. § 2679(d)(2) (emphasis added). The United States Attorney's Office for the District of Connecticut has made such a certification, at Exhibit A, and it was on that basis that the matter was removed from the Connecticut Superior Court to this Court. *See* ECF No. 1. Moreover, based upon the same certification, federal law provides that the relevant claim(s) properly are deemed to be brought against the United States of America, not the individual employee, and substitution of the United States as defendant in place of Senator Blumenthal is warranted. *Id.*; *see also* 28 U.S.C. § 2679(b)(1) (action pursuant to Federal Tort Claims Act "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim").

### III.     CONCLUSION

For the foregoing reasons, Defendant respectfully urges the Court to grant his motion to substitute and to enter an order directing the Clerk to amend the caption of the case to reflect the substitution of the United States as the defendant in his place.

      By:   VANESSA ROBERTS AVERY
             UNITED STATES ATTORNEY

/s/ Jillian Rose Orticelli
Jillian Rose Orticelli (ct28591)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: (860) 947-1101
Fax: (860) 760-7979
Email: Jillian.Orticelli@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail/mail service to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Service upon the *pro se* plaintiff was effectuated by first class mail:

JOHN J. FLYNN
31 QUANTARD AVE
NORWALK, CT 06854

/s/ Jillian Rose Orticelli
Jillian Rose Orticelli (ct 28591)
Assistant United States Attorney