UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. FLYNN *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>VERIZON WIRELESS *et al.*,<br>    *Defendants*. | No. 3:22-cv-1065 (JAM) |

**ORDER OF TEMPORARY STAY OF THIRD-PARTY DISCOVERY**

The Court temporarily stays all third-party discovery pending resolution of the defendants' motions to dismiss. Plaintiff John Flynn has served multiple third-party subpoenas, including on the Stamford Police Department, the Darien Police Department, and the Town of Wilton. Courts have "broad discretion" to limit the scope of discovery to guard against "undue burden or expense." *See Martino v. Nationstar Mortgage LLC*, 2019 WL 10255236, at *1 (D. Conn. 2019) (citing Fed. R. Civ. P. 26(c)). A court may *sua sponte* limit the "frequency or extent of discovery" where it falls outside the scope of discovery permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C); *see also Stein v. Needle*, 2021 WL 423744, at *4 (D. Conn. 2021) (same). Plaintiff's third-party subpoenas appear to be extensive and to impose substantial burdens on persons who are not parties to this action. *See* Docs. # 100, # 102, # 105. A court may also "sua sponte enter a protective order" limiting the scope of discovery for "good cause shown." *See, e.g.*, *Sanai v. Cobrae*, 2022 WL 16748865, at *2 (E.D. Cal. 2022). Defendants' motions to dismiss advance substantial grounds for dismissal of plaintiff's amended complaint, including immunity under the Eleventh Amendment and failure to state a claim upon which relief can be granted. Additionally, to the extent that plaintiff's discovery requests were made before the parties have conferred pursuant to Rule 26(f), they are barred by Rule 26(d)(1). Accordingly, the Court stays all third-party discovery pending its resolution of the pending motions to dismiss.

This temporary stay extends to the discovery at issue with respect to the motions to quash filed by the Stamford Police Department, Darien Police Department, and Town of Wilton (Docs. # 100, # 102, # 105). It also extends to plaintiff's motion for a subpoena to Julie Kohler (Doc. # 83) and general motion for a subpoena (Doc. # 93). In addition, this temporary stay further extends to any other third parties from whom plaintiff has or may seek to subpoena or compel the production of information prior to the Court's decision on the pending motions to dismiss.

    It is so ordered.

    Dated at New Haven this 12th day of December 2022.

    /s/ *Jeffrey Alker Meyer*
    Jeffrey Alker Meyer
    United States District Judge