UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN FLYNN *et al.*,
    *Plaintiffs*,

v.

VERIZON WIRELESS *et al.*,
    *Defendants*.

No. 3:22-cv-1065 (JAM)

## ORDER OF DISMISSAL

Plaintiff John Flynn has filed a *pro se* complaint primarily alleging that the recent installation of 5G networks in Connecticut is part of a wide-ranging conspiracy between government and industry to harm and assert control over the general population. Because the complaint does not establish a plausible ground for the Court's exercise of jurisdiction and in the alternative fails to allege plausible grounds for relief, I will grant without prejudice the defendants' motions to dismiss and otherwise dismiss Flynn's remaining claims.

### BACKGROUND

The following facts are taken from the operative complaint and assumed to be true solely for the purposes of this ruling.[1]

Flynn names 21 defendants, including Verizon Communications Inc. Wireless, Yale New Haven Hospital, United States Senator Richard Blumenthal, and various Connecticut state officials and telecommunications and utility companies.[2] He alleges in sprawling terms a conspiracy and collusion between industry and government to install 5G during the COVID-19 pandemic.

---

[1] Doc. #64.
[2] *Id.* at 1-6.

1

According to Flynn, 5G is a biological weapon that causes "inflammation, cellular vibration, and auto-immune failure."[3] He explains that "[p]ulsed microwave millimeter/technology," presumably the kind he believes is emitted by the 5G network, "can be used for secretive data collection, harvesting, and AI . . . as well as hacking the human mind and body."[4] He additionally claims that "5G exposure to water changes its structure," and "causes hundreds of side effects."[5] He points to a 1999 study that "proved the biological effect of cancer" of 5G.[6] As the complaint puts it, "[t]he rollout of 5G will create twice the radiation of the sun . . . [5G] will kill the environment."[7] And "Ct is building a digital open-air concentration camp, using a lockdown, using smart city, data collection or social credits" and using "surveillance/artificial intelligence learning and scoring for compliance social credits."[8]

Only two paragraphs of the complaint describe any harm or injury that has been personally experienced by Flynn. Paragraph 4 states as follows: "Myself and every CT resident is and has been harmed; I have type one diabetes. I am high risk and disabled."[9] Paragraph 26 states that "[t]hese defendants changed my environment and knowingly radiated every person in the State of CT."[10]

Flynn goes on to allege that the Connecticut legislature and federal and state senators were "privately enriched by the electronics industry" to implement 5G during the pandemic.[11] He accuses Governor Lamont of using "executive authority during a pandemic and further

---

[3] *Id.* at 6.
[4] *Id.* at 7.
[5] *Id.* at 13.
[6] *Ibid.*
[7] *Id.* at 16.
[8] *Id.* at 17.
[9] *Id.* at 7.
[10] *Id.* at 11.
[11] *Id.* at 6.

weaken[ing] every citizens' immune system forcing . . . radiation."[12] He similarly alleges that Senator Blumenthal "echoed the shared narrative and accepted payments from 17 carriers."[13] These payments included a $60,100 "bribe" from Charter Communications.[14] Connecticut state senators and general assembly members are similarly accused of "push[ing] legislation while accepting bribes and campaign contributions."[15] "These enablers," Flynn adds, "plan to decrease the population for a One World Order and used a forced vaccination with untold, unapproved reckless authority."[16]

The complaint further faults the State's failure to fulfill its "Environmental Impact Analysis per the NEPA Federal Requirements" before giving "grant waivers to the telecom industry to avoid accountability with respect to antennas, voltage, the PowerGrid usage."[17]

Flynn also claims that Yale New Haven Hospital "has biometrically chipped [Connecticut] residents" without their consent and that the Connecticut state vaccine mandates were "enforced biological weapons."[18]

Flynn initially filed this complaint in Connecticut state court.[19] The case was subsequently removed to federal court, and the United States was substituted as a party in place of Senator Blumenthal.[20]

The complaint cites various provisions of law throughout but asserts five causes of action: violation of the Connecticut Unfair Trade Practices Act (Count One), "manipulat[ing] and misrepresent[ing] both the Covid data and the 5G risks" (Count Two), "Felony Risk of

---

[12] *Id.* at 13.
[13] *Ibid.*
[14] *Id.* at 14.
[15] *Ibid.*
[16] *Id.* at 12.
[17] *Id.* at 8-9.
[18] *Id.* at 7-8.
[19] Doc. #1.
[20] *Ibid.*; Doc. #62.

Injury to every Child" (Count Three), "Omnibus Crime Control" (Count Four), and "Heterodyning" (Count Five).[21] Flynn requests as relief a fund "to repair all these damages" as well as "damages ad infinitum."[22] He additionally states that he seeks a "declaratory Judg[]ment," but does not specify as to what.[23]

Many of the defendants including the United States, the Connecticut state defendants, Verizon Communications Inc., and Charter Communications have filed motions to dismiss on various grounds.[24]

## DISCUSSION

The standard that governs a motion to dismiss under Rules 12(b)(1) and 12(b)(6) is well established. A complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain the Court's jurisdiction and the merits of a plaintiff's claims for relief. *See Brownback v. King*, 141 S. Ct. 740, 749 (2021); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[25] Even to the extent that no particular defendant has moved to dismiss, this Court also has authority to *sua sponte* review and dismiss a complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B).

Because Flynn is a *pro se* plaintiff, the Court liberally construes the pleadings to raise the strongest arguments that they suggest. *See, e.g.*, *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (*per curiam*). Still, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

---

[21] Doc. #64 at 16-17.
[22] *Id.* at 16, 18.
[23] *Id.* at 7.
[24] *See* Docs. #79, #81, #86, #113.
[25] Unless otherwise noted, this ruling omits all internal quotation marks, citations, brackets, and other alterations in its quotations and citations of case decisions.

*Additional plaintiffs*

As a preliminary matter, Flynn has named as additional plaintiffs Phil Marie, Ludis Nino, Nancy Linley, Vira Megencishvili, "9 ladies," Jane Doe, John Doe, and "100 Pro Se."[26] But Flynn is the only one who has signed the complaint. *See* Fed. R. Civ. P. 11(a) (requiring every pleading to "be signed . . . by a party personally if the party is unrepresented"). As the Court has previously indicated, because Flynn is not an attorney he does not have authority to represent third parties and add them as co-plaintiffs.[27] *See Berrios v. New York City Housing Authority*, 564 F.3d 130, 134 (2d Cir. 2009). Accordingly, I evaluate the adequacy of the complaint solely with respect to Flynn and not any other putative plaintiffs.

*Standing*

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014); *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022). An injury-in-fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List*, 573 U.S. at 158. A concrete injury is one that "must actually exist"—it must be "real and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

---

[26] *See* Doc. #64 at 1-2.
[27] *See* Doc. #122.

Flynn alleges that he "and every CT resident is and has been harmed" by the 5G network.[28] He explains that he is "high risk and disabled."[29] And he alleges that the defendants have "changed my environment and knowingly radiated every person in the State of CT."[30]

But Flynn offers no further details as to the nature or extent of his injury. For example, the complaint claims that "5G penetrates cement and causes mutation."[31] But Flynn does not allege that he has experienced any mutations. Nor does he describe how he has personally been affected—actually or imminently—by any of the negative health consequences he claims are associated with 5G. *See, e.g.*, *Strunk v. New York*, 2019 WL 5788560, at *5-6 (N.D.N.Y. 2019) (plaintiff lacked standing to challenge defendants' implementation of 4G and 5G networks, which allegedly posed health and safety risks "to residents of New York and elsewhere," where plaintiff failed to allege defendants' conduct harmed him in a "personal and individual way").

While the "standard for reviewing standing at the pleading stage is lenient, a plaintiff may not rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) (quoting *Baur v. Veneman*, 352 F.3d 625, 636-37 (2d Cir. 2003)). Flynn has not plausibly alleged that he has personally suffered an injury that is concrete, particularized, and actual or imminent in order to allow him standing to bring any of his claims.

Moreover, a plaintiff must allege facts to show that his injury is traceable to the conduct of the defendant. The complaint, however, mostly lumps the defendants together as one and does not include allegations to show how each particular defendant has engaged in conduct that has caused an injury to Flynn.

---

[28] Doc. #64 at 7.
[29] *Ibid.*
[30] *Id.* at 11.
[31] *Id.* at 15.

*Merits*

Even assuming Flynn had standing, I conclude that he has not alleged plausible grounds for relief. As to his claims against the United States (which was substituted as a party in place of Senator Blumenthal), any claims against the United States and its agencies are ordinarily barred under the doctrine of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Although the Federal Tort Claims Act allows the United States to be liable for certain torts, it "requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The exhaustion requirement "is jurisdictional and cannot be waived," and it "extends to all suits, including those begun in state court." *Ibid.* But here Flynn has made no showing that he has exhausted his administrative remedies. Accordingly, Flynn has not stated plausible grounds for relief against the United States.

Flynn has also named as defendants a large number of Connecticut state officials: Melanie Bachman, Executive Director of the State of Connecticut Siting Council; Marissa Paslick-Gillett, Director of the Public Utility Regulatory Authority; Nick Simmons, Manager of Strategic Initiatives for the Office of the Governor; Paul F. Hinch, Siting Counsel for the Office of Policy Management; Saud Anwar, Deputy President Pro-Tempore and CT Public Health Vice Chair; Bob Duff, Chair of the Energy and Technology Committee; Themis Klarides, Connecticut Minority Leader; and Norm Needleman, Chair of Energy and Technology.[32]

The Eleventh Amendment and related principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See*

---

[32] *Id.* at 2-6.

*generally Lewis v. Clarke*, 581 U.S. 155, 161–62 (2017); *T.W. v. N.Y. State Bd. of L. Examiners*, 996 F.3d 87, 91–92 (2d Cir. 2021). While Congress may abrogate a State's sovereign immunity, it did not do so through § 1983. *See Chris H. v. New York*, 740 F. App'x 740, 741 (2d Cir. 2018). To the extent Flynn's claims are alleged against the various Connecticut state defendants in their official capacities for an award of money damages, they are therefore barred by the Eleventh Amendment.

To be sure, there is an exception to Eleventh Amendment immunity for official-capacity claims against state officials that seek injunctive relief against a continuing violation of federal law. *See Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 255-56 (2011); *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020). But the complaint does not allege facts to plausibly show that any of the state defendants are engaged in any ongoing violation of federal law.

To the extent Flynn is instead suing state officials in their individual capacities, Connecticut state law provides that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4-165(a). Flynn's allegations against the state officials center on their purported involvement with the decision to place 5G towers at certain sites around the state. He does not allege that these responsibilities were unrelated to their duties or otherwise outside the scope of their authority, and therefore these state officials have statutory immunity.

Flynn does claim that the state official defendants "took bribes with total disregard for safety."[33] The Connecticut Supreme Court has made clear that statutory immunity does not

---

[33] *Id.* at 6.

extend to "wanton, reckless or malicious actions, or for actions not performed within the scope of . . . employment." *Miller v. Egan*, 265 Conn. 301, 319 (2003). However, "the exception is limited to actions seeking declaratory or injunctive relief," and does not extend to claims for monetary damages. *Id.* at 326-27. Flynn's claims for monetary damages against the state defendants would therefore still be barred under section 4-165.[34] Nor as to any particular state defendant does Flynn plausibly allege that they received a bribe.

More generally and apart from the immunity defenses for the governmental defendants, the complaint fails to state plausible grounds for relief against any of the named defendants. "A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is if they are fanciful, fantastic[,] or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Flynn's description of a government-wide conspiracy to install 5G networks to control the population defies rational belief. His allegations that 5G reduces human fertility, absorbs oxygen, and causes retinal detachment appear to be based on pure speculation and conjecture.[35] *See Weir v. City of New York*, 2023 WL 3001136, at *1 (2d Cir. 2023) (claims that unnamed government agents funneled toxic gas into plaintiff's car and poisoned his groceries were factually frivolous and dismissal was therefore proper); *Appel v. Hayut*, 2021 WL 2689059, at *10 (S.D.N.Y. 2021) (declining to credit plaintiff's allegations that Mount Sinai hospital employees were undercover Mossad assassins).

---

[34] While Flynn does state that he seeks a "declaratory judgment," he nowhere specifies the nature of the declaratory relief he seeks or even that he is seeking declaratory relief against the state-official defendants. I therefore decline to construe his claims against the state defendants as a request for declaratory relief subject to an exception from the statutory bar in section 4-165.
[35] *Id.* at 13; *id.* at 15.

Moreover, the complaint's sweeping allegations of wrongdoing fail to specify what each particular defendant did to violate Flynn's rights. Flynn accuses the defendants of numerous wrongs but does not explain what particular acts they did to violate his rights. For example, he names Yale New Haven Hospital as a defendant but makes no allegations that the hospital has harmed him. And he names as defendants various companies but does not describe what they did to harm him.

Flynn's failure to specify what acts each particular defendant undertook in violation of his rights also runs afoul of Rule 8 of the Federal Rules of Civil Procedure. This rule requires that each defendant have "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Mohammad v. N.Y. State Higher Educ. Servs. Corp.*, 422 F. App'x 61, 62–63 (2d Cir. 2011). A complaint does not satisfy Rule 8 "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

In sum, Flynn lacks standing under Article III to bring this suit. And he has failed to allege plausible grounds for relief against any particular defendant and in a manner consistent with the basic notice requirements of Rule 8. Therefore, I will dismiss his complaint without the need at this time to address the additional arguments for dismissal that have been raised in the defendants' motions to dismiss.

## CONCLUSION

For the reasons stated above, the Court GRANTS the defendants' motions to dismiss (Docs. #79, #81, #86, #113), and otherwise dismisses any remaining claims against any remaining defendants under 28 U.S.C. § 1915(e)(2)(B). But because a court should ordinarily allow a *pro se* plaintiff at least one opportunity to file an amended complaint and because Flynn

10

has already sought leave to do so, this dismissal is without prejudice to Flynn's filing of an amended complaint on or before **September 1, 2023** if he has good faith grounds to file an amended complaint that overcomes the concerns stated in this ruling.

The Court sets forth the following guidelines concerning the filing of any amended complaint:

1. Any amended complaint must clearly identify the names of each plaintiff and each defendant in the caption of the complaint and must set forth facts to plausibly show how each named defendant has engaged in conduct that has proximately caused a concrete and particularized actual or imminent injury to each plaintiff.

2. Any amended complaint should enumerate each distinct claim or cause of action and the particular source or provision of state or federal law that was violated. To the extent that the amended complaint may cite or refer in passing to any particular provision of the law, the Court will not assume that the complaint seeks to allege a cause of action under this law unless the complaint includes an enumerated claim that cites this law. For each claim or cause of action, the complaint should identify which defendants the plaintiff or plaintiffs seek to hold liable.

3. Any amended complaint should take into concern the arguments raised in the defendants' motions to dismiss including but not limited to the arguments of the defendants concerning the proper identification of their names, concerning adequacy of service of process, and concerning preemption of state law claims by federal law. *See Kaspers v. Verizon Wireless Servs., LLC*, 2021 WL 2193992, at *2-4 (state law claims challenging 5G network preempted by the federal Telecommunications Act of 1996), *recon. denied*, 2021 WL 2193584, at *2-3 (N.D. Ga. 2021).

4. Any amended complaint shall be filed once. The docket reflects that Flynn has engaged in serial filing of proposed amended complaints. If Flynn chooses to file an amended complaint, the Court will allow him a single opportunity to do so and will treat the first-filed amended complaint as the operative amended complaint in this action. Therefore, Flynn should carefully draft a single complaint for filing rather than loading the docket with serial versions of amended complaints.

5. If more than one plaintiff wishes to join Flynn in this action, any such plaintiff must personally sign the amended complaint, and the amended complaint must include allegations to substantiate each plaintiff's standing and right to relief as to each defendant.

The Clerk of Court shall close this case subject to automatic re-opening in the event that Flynn chooses to timely file an amended complaint. If Flynn chooses to file an amended complaint, then any named defendant may file any answer or other response to the filing of the amended complaint within 30 days of its filing, and the Court may also conduct a further review of the adequacy of the complaint's allegations pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is so ordered.

Dated at New Haven this 10th day of August 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge